O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Kim Edward Laube, | ) | CV 11-3027-RSWL (SSx) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** Re: Plaintiff's Motion for Summary Judgment [10] and Defendant's Motion to Dismiss, or in the Alternative Motion for Judgment on the Pleadings [8] |
| FURminator, Inc., an Indiana corporation, | ) | |
| Defendant. | ) | |

On September 7, 2011, Plaintiff Kim Edward Laube's ("Plaintiff") Motion for Summary Judgment [10] and Defendant FURminator, Inc.'s ("Defendant") Motion to Dismiss [8] came on for regular calendar before the Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1

1  Defendant's Motion to Dismiss is **GRANTED**.  As a
2 result, Plaintiff's Motion for Summary Judgment is
3 **DENIED** as moot.
4  Plaintiff has requested the Court to order a
5 correction of United States Patent Nos. 6,782,846,
6 7,077,076, 7,222,588, 7,334,540, 7,509,926 (hereinafter
7 "the Patents"), naming Plaintiff as the correct
8 inventor.  The Parties dispute whether 35 U.S.C. § 256
9 provides the only basis for a change of inventorship,
10 or whether a declaratory judgment may be used.  The
11 weight of authority dictates that a declaratory
12 judgment is inappropriate to correct inventorship, and
13 § 256 will be applied where correction of inventorship
14 is requested, regardless of whether a plaintiff
15 expressly pleads relief pursuant to the code section.
16 <u>MCV, Inc. v. King-Seeley Thermos Co.</u>, 870 F.2d 1568,
17 1571 (Fed. Cir. 1989); <u>Larson v. Correct Craft, Inc.</u>,
18 569 F.3d 1319, 1325 (Fed. Cir. 2009).  Therefore,
19 Plaintiff's claim for correction of inventorship must
20 be analyzed pursuant to § 256.
21  Under Federal Rule of Civil Procedure 12(b)(6), a
22 dismissal can be based on the lack of cognizable legal
23 theory or the lack of sufficient facts alleged under a
24 cognizable legal theory.  Fed. R. Civ. P. 12(b)(6); <u>see
25 also</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,
26 699 (9th Cir. 1990). The Court finds that Plaintiff has
27 failed to allege sufficient facts to support a
28 cognizable legal theory.

Specifically, taking all Plaintiff's allegations of sole inventorship as true, the Court finds that pursuant to 35 U.S.C. § 102(b), Plaintiff has lost any right to patent protection on his alleged invention. 35 U.S.C. § 102(b) requires an inventor to file for patent protection within one year of the date the product was placed on sale and ready for patenting. A patent will be ready for patenting if it is reduced to practice. If the requirements of § 102(b) are not met, the inventor loses the right to a patent. 35 U.S.C. § 102(b); <u>Pfaff v. Wells Elecs., Inc.</u>, 525 U.S. 55, 67 (1998). Here, Plaintiff admitted in his complaint that he sold his alleged invention and reduced it to practice during the 1980s, yet never filed for patent protection. (Compl. ¶6, ¶12). Thus, the Court finds that Plaintiff is no longer entitled to a patent on the alleged invention pursuant to § 102(b).

Consequently, Plaintiff's request for change of inventorship under 35 U.S.C. § 256 must fail. Courts have ruled that if a claim of inventorship first necessitated a finding that the patent was invalid, an action to change inventorship under § 256 must fail. <u>Brightsmile, Inc. v. Discus Dental, Inc.</u>, No. 02-03220, 2005 WL 1083194, at *4 (N.D. Cal. May 9, 2005); <u>Oregon Health & Science Univ. v. Vertex Pharm., Inc.</u>, 233 F. Supp. 2d 1282, 1285 (D. Or. 2002). The Court finds this case law to be factually on point and also logically compelling, as it would be counter-intuitive

to award a change of inventorship where such change creates an invalid patent.

Finally, leave to amend may be denied for such reasons as "repeated failure to cure deficiencies by amendments previously allowed . . . futility of amendment, etc." <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983).  Here, Plaintiff has been given ample opportunity in prior proceedings to amend in order to state his claim.  Further, this Court finds that amendment would be futile; the facts plead by Plaintiff show that the deficiencies of Plaintiff's complaint cannot be cured by amendment.  Accordingly, Plaintiff's suit is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: September 9, 2011

                      RONALD S.W. LEW
                      **HONORABLE RONALD S.W. LEW**
                      Senior, U.S. District Court Judge